Jose Samuel LETRAN
RUIZ, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–71848.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Alejandro Garcia, Esq., City of Commerce, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kristin K. Edison, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Tricia Francis, Office of the U.S. Attorney for the District of Columbia, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

MEMORANDUM **

Jose Samuel Letran Ruiz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying his applications for asylum, withhold-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ing of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003), we deny in part and grant in part the petition for review.

Substantial evidence supports the IJ's determination that changed country conditions in Guatemala undermine Letran Ruiz's fear of future persecution. *See id.* at 998–00 (holding that the State Department Country Report constituted substantial evidence to support the agency's finding of changed country conditions in Guatemala).

Because Letran Ruiz failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the IJ's denial of CAT relief because Letran Ruiz failed to show it is more likely than not that he would be tortured by, or with the acquiescence of, a public official if he returned to Guatemala. *See* 8 C.F.R. § 208.18; *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001).

The IJ granted voluntary departure for a 60 day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.